UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-08635-AB-PD | Date: | April 3, 2026 |
|---|---|---|---|

| Title: | *Meghna M. Jiyani v. General Motors, LLC* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**  **[In Chambers] ORDER DENYING PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 14]**

Before the Court is Plaintiff Chad Light's ("Plaintiff") Motion to Remand ("Mot.," Dkt. No. 14). Defendant General Motors, LLC ("Defendant") filed an Opposition to the Motion ("Opp'n," Dkt. No. 15) and Plaintiff filed a timely Reply ("Reply," Dkt. No. 17). The Court found the matter appropriate for decision without oral argument and **VACATED** the November 7, 2025 hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, Plaintiff's Motion is **DENIED.**

## I.  BACKGROUND

On April 10, 2025, Plaintiff initiated this action by filing a Complaint in the Superior Court of California, County of Los Angeles in connection with Plaintiff's purchase of a 2020 Chevrolet Bolt ("Subject Vehicle"). Mot. at 1. Plaintiff asserted causes of action under the California Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1793.2, and the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2310(d)(1), and seeks actual damages, restitution, civil penalties pursuant to Song-Beverly, consequential and incidental damages, damages

authorized by California Commercial Code §§ 2711, 2712, and/or 2713, as well as reasonable costs, expenses, and attorneys' fees. Notice of Removal, Compl., Ex. A. at 12-18, Dkt. No. 1.

On September 11, 2025, Defendant filed a Notice of Removal with this Court, asserting federal diversity jurisdiction pursuant to 28 U.S.C. §1332 and removal jurisdiction under 28 U.S.C. § 1441. Notice of Removal at 2. Plaintiff filed the present Motion, arguing that Defendant's removal was untimely and improper.

## II.   LEGAL STANDARD

### A.   Removal

Generally, a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). A removing defendant "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states," 28 U.S.C. § 1332. Section 1332 jurisdiction requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus*, 980 F.2d at 566. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id*. Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id*.

### B.   Timeliness of Removal

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first thirty-day removal period is triggered. *Id.*; *see*

*also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))).

Where the initial pleading does not reveal a basis for removal, a defendant has thirty days from the date it receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

## III.   DISCUSSION

Plaintiff argues removal is untimely because removability was ascertainable on the face of the Complaint, triggering the first thirty-day deadline under § 1446(b)(1), and Defendant removed after 30 days. Alternatively, Plaintiff argues that Defendant has failed to plausibly establish the amount-in-controversy. This Court assesses both of Plaintiff's arguments in turn.

### A. Plaintiff's Complaint Did Not Trigger the First Thirty-Day Removal Deadline Under § 1446(b).

Plaintiff contends the first thirty-day deadline under § 1446(b) was triggered by the Complaint, which asserted a federal cause of action under the MMWA and provided the basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331. Mot. at 4-7. However, federal courts only have jurisdiction over an MMWA claim if the amount in controversy for all claims is over $50,000. 15 U.S.C. § 2310(d)(3)(B). Thus, for a removal deadline to have been triggered by the Complaint, an amount-in-controversy of at least $50,000 should have been apparent from the face of the Complaint.

The Complaint fails to meet this standard. At no point does Plaintiff allege that the total amount in controversy is over $50,000. Plaintiff does not even include boilerplate language claiming the amount in controversy is over $50,000. Instead, the Complaint includes only the Subject Vehicle's make, model, year, and VIN number. Plaintiff argues that, given Defendant's "sophisticated knowledge of the motor vehicle industry," Defendant should have been able to ascertain an approximation of the Subject Vehicle's market value. Mot. at 7. Plaintiff relies on *Dart Cherokee Basin Operating Co., LLC v. Owens* to argue the § 1446(b) deadline

was triggered because removability was "plausible" at the time of the initial pleading. However, Plaintiff's reliance on *Dart Cherokee* is misplaced.

The *Dart Cherokee* standard is used to determine whether a defendant's removal is proper, not to assess whether the removability deadlines under § 1446(b) are triggered. *See Kuxhausen v. BMW Fin. Servs, NA LLC*, 707 F.3d 1136, 1141 n. 3 (9th Cir. 2013) ("[W]hether a defendant can establish that federal jurisdiction exists and the question of when the thirty-day time period begins are not two sides of the same coin.") Instead, the Ninth Circuit has held that removability must be "unequivocally clear and certain" on the face of a pleading or other paper to trigger the § 1446(b) deadlines. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).

The purpose of the "bright-line" rule is to "bring certainty and predictability" to removals and avoid "gamesmanship" in pleading. *Id*. The Ninth Circuit explained that this rule avoids "the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Harris*, 425 F.3d at 697. Accordingly, a defendant is not obligated to look beyond "four corners" of the initial pleading or conduct any "further inquiry" to determine removability. *Id.* at 694. Even if Defendant could have determined the valuation of the Subject Vehicle, it was not required to do so.

Moreover, the Complaint is indeterminate as to removability based on diversity jurisdiction because it is not "unequivocally clear" the Parties are diverse. The Complaint only alleges the residency of Plaintiff, not his citizenship. This is not sufficient to clearly establish Plaintiff's citizenship and, therefore, diversity between parties. *Davis v. Hisp. Scholarship Fund*, 2014 WL 12594136 at * (C.D. Cal. Sep. 15, 2014) ("It is well-settled . . . that residency alone is not sufficient to establish citizenship for purposes of federal diversity jurisdiction.") (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 858 (9th Cir. 2001)).

Several other courts in this district have found similar complaints failed to trigger the first thirty-day period for removability. *See, e.g.*, *Mejia v. General Motors, LLC*, 2025 WL 2983127 at *3 (C.D. Cal. Oct. 22, 2025); *Roxanda Yancor et. al. v. General Motors, LLC*, 2025 WL 3533808 at *1 (C.D. Cal. Dec. 9, 2025).

Finally, Plaintiff notes that certain Subject Vehicle information, including the Subject Vehicle Sales Agreement and all repair orders, were provided prior to the initiation of this litigation. Mot. at 1. It is not clear whether Plaintiff argues that the disclosure of these documents triggered the removal deadline. Nevertheless, the

Court will address this position. To the extent that Plaintiff argues that the combination of the prelitigation documents and the indeterminate pleading should trigger one of the removal deadlines, the Ninth Circuit has expressly foreclosed that argument. *Carvalho*, 629 F.3d at 886 (9th Cir. 2010) (rejecting the argument that "a pre-complaint document containing a jurisdictional clue can operate in tandem with an indeterminate initial pleading to trigger some kind of hybrid of the first and second removal periods"). Nor can this document, on its own, trigger the removal period.  *Id.* ("[W]e conclude that any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period.").

Thus, this Court concludes the first thirty-day deadline under § 1446(b) was not triggered because it was not clear from the face of the Complaint the action was removable.

**B. Defendant plausibly alleged diversity jurisdiction in the Notice of Removal.**

As discussed above, a removing defendant need only plausibly establish removal jurisdiction for removal to be proper. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Plaintiff argues Defendant has failed to demonstrate removal was proper because Defendant "has not met its heavy burden of establishing that the amount in controversy exceeds $50,000." As an initial matter, the Court observes that Plaintiff appears to argue that Defendant has failed to establish jurisdiction pursuant to federal question jurisdiction under § 1331 although Defendant's Notice of Removal argues removal is proper pursuant to diversity jurisdiction under § 1332. Regardless, the Court finds Defendant plausibly alleged diversity of citizenship between the Parties and an amount in controversy over $75,000 to establish diversity jurisdiction.

First, Defendant's Notice of Removal plausibly states diversity of citizenship. Defendant conducted a preliminary investigation where it "concluded that Plaintiff resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California . . . ." Notice of Removal at 3. Furthermore, as a limited liability company, Defendant "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant General Motors LLC's sole member is General Motors Company, a Delaware Corporation with a principal place of business in Michigan. Notice of Removal at 3-4. Since a corporation's citizenship is both the state in which it is incorporated and in which it maintains its principal place of business, Defendant General Motors LLC is a citizen

of both Delaware and Michigan. Based on these conclusions, the Court finds that Defendant has sufficiently alleged complete diversity of citizenship.

Next, with respect to the amount in controversy, Defendant's Notice of Removal plausibly alleges an amount in controversy over $75,000. Defendant, through its own investigation, concluded the purchase price for the Subject Vehicle was $75,433.01. The investigation also produced values by which Defendant could estimate the statutory offsets, yielding an estimate for actual damages under the Song-Beverly Act at $71,214.42. With Plaintiff also claiming two times the actual damages in civil penalties, the total damages for the Song-Beverly claims alone is plausibly well over $75,000. *See also Romo v. FFG Ins. Co.*, 397 F.Supp.2d 1237, 1240 (C.D. Cal. 2005) (affirming the inclusion of civil penalties under Song-Beverly for calculation of the amount in controversy for diversity jurisdiction). Accordingly, the Court finds Defendant has plausibly established the amount in controversy is met for this case.

As Defendant has plausibly established diversity jurisdiction in the Notice of Removal, Defendant's removal was proper.

## IV.    CONCLUSION

For the forgoing reasons, the Court DENIES Plaintiff's Motion to Remand and DENIES Plaintiff's request for attorneys' fees and costs.

**IT IS SO ORDERED**.

CV-90 (12/02)                      **CIVIL MINUTES – GENERAL**                      Initials of Deputy Clerk <u>EVC</u>

6